**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| MOTION OFFENSE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:21-cv-00514-ADA |
| | § | |
| GOOGLE LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**GOOGLE LLC'S RESPONSE TO MOTION OFFENSE, LLC'S CORRECTED OPPOSED
MOTION TO RECONSIDER THE AMENDED MEMORANDUM AND ORDER
GRANTING MOTION TO TRANSFER**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     LEGAL STANDARD....................................................................................... 2

III.    ARGUMENT..................................................................................................... 3

    A.      There is no "intervening change of law" ................................................. 4

    B.      There is no "clear legal error"................................................................. 7

    C.      Justice requires denial of the request for reconsideration...................... 9

IV.     CONCLUSION.................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Inc.*,
456 Fed. Appx. 907 (Fed. Cir. 2012) ...................................................................................1

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020)...........................................................................................8

*In re Apple Inc.*,
No. 2022-128, 2022 WL 1196768 (Fed. Cir. Apr. 22, 2022) ..............................................8

*Atari, Inc. v. JS & A Grp., Inc.*,
747 F.2d 1422 (Fed. Cir. 1984).....................................................................................7, 8, 9

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009)...........................................................................................5

*In re Google LLC*,
No. 2021-171, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021)................................................5

*Indusoft, Inc. v. Taccolini*,
560 F. App'x 245 (5th Cir. 2014) .......................................................................................6

*In re Micron Tech., Inc.*,
875 F.3d 1091 (Fed. Cir. 2017)...........................................................................................9

*Panduit Corp. v. All States Plastic Mfg. Co.*,
744 F.2d 1564 (Fed. Cir. 1984)...........................................................................................7

*In re Planned Parenthood Federation of America et al.*,
No. 22-11009 (5th Cir. Oct. 31, 2022).................................................................................1

*Rodriguez de Quijas v. Shearson/American Exp., Inc.*,
490 U.S. 477 (1989).............................................................................................................9

*Templet v. HydroChem Inc.*,
367 F.3d 473 (5th Cir. 2004) ..............................................................................................9

*United States v. 89.9270303 Bitcoins*,
No. SA-18-CV-0998-JKP, 2021 WL 5203337 (W.D. Tex. Nov. 8, 2021) ............................2

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) ..............................................................................................5

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Winner Int'l Royalty Corp. v. Wang*,
    202 F.3d 1340 (Fed. Cir. 2000)..................................................................................7

*WSOU Invs. LLC v. Microsoft Corp.*,
    No. W-20-CV-00454-ADA, 2022 WL 2078216 (W.D. Tex. June 9, 2022) ..............2, 3, 9, 10

**Other Authorities**

Fed. Cir. R. 32.1(d) ..................................................................................................7

## I.   INTRODUCTION

Plaintiff Motion Offense is playing games with this Court and the judicial process. Two-and-a-half months ago, on August 29, the Court granted Defendant Google's motion to transfer this action to the Northern District of California ("NDCA"). Dkt. 75; *see also* Dkt. 79 ("Order"). On September 13, Motion Offense sought a stay of the case (including transfer) based on its stated intent to promptly seek mandamus review of the Court's transfer decision by the Federal Circuit. Dkt. 76. On September 15, the Court stayed the case "pending mandamus review" (Dkt. 77), and directed the parties to "file a status report notifying the Court of when Motion Offense files its mandamus petition." *Id.* In the two-and-a-half months since transfer was granted, Motion Offense has taken no action whatsoever to file its promised petition for mandamus.

Instead, it appears that Motion Offense simply sat on its hands and waited for an opportunity to ask this Court to reconsider its transfer decision. Now, after months of inaction, Motion Offense files a motion for reconsideration; perhaps sensing that its delay jeopardized its petition for mandamus.[1] This motion is not based on any intervening change in law, previously unavailable new evidence, or need to correct a clear legal error, but on the basis of a Fifth Circuit decision denying a writ of mandamus. *In re Planned Parenthood Federation of America et al.*, No. 22-11009, slip op. (5th Cir. Oct. 31, 2022) (Ex. 1). In *Planned Parenthood* the panel simply applied the same, pre-existing transfer factors and rationale already considered by this Court in its transfer ruling. Motion Offense's untimely and improper effort to get a second bite at the apple in this

---

[1] *See In re Apple Inc.*, 456 Fed. Appx. 907, 908-09 (Fed. Cir. 2012) (nonprecedential) (denying petition for mandamus and noting "[a]s an initial matter, this court is in agreement with SimpleAir that Apple's delay militates against granting this extraordinary and largely discretionary remedy. Apple failed to employ any strategy to pressure the district court to act, such as seeking mandamus to direct the district court to rule on the motion. Moreover, and more importantly, Apple waited three and a half months after the ruling was handed down before filing this petition so close to trial.").

Court, rather than filing the petition for mandamus with the Federal Circuit that it committed to months ago, should be rejected.[2]

Motion Offense's reconsideration motion should further be denied because it asks this Court to do something unprecedented: decline to follow "Federal Circuit opinions, published or not[.]" Dkt. 81 at 6 ("Mot."). This extraordinary request is premised solely on attorney argument; Motion Offense cites no case authorizing departure from the Federal Circuit in a patent case, and ignores the Court's express finding that "this Court must follow the Federal Circuit's line of cases on Fifth Circuit transfer law." Order at 7. Regardless, *Planned Parenthood* does not warrant reconsideration. It merely restates points already considered by the Court.

## II.      LEGAL STANDARD

This Court has recognized and adopted a flexible approach to reconsideration of interlocutory orders under Rule 54(b):

> So long as courts recognize that they have the discretion to grant reconsideration even in the absence of any such showing, the flexible approach permits them to require a showing of one of the following factors to justify reconsideration: an intervening change in law; availability of previously unavailable new evidence; or a need to correct a clear legal error or to prevent manifest injustice.

*WSOU Invs. LLC v. Microsoft Corp.*, No. W-20-CV-00454-ADA, 2022 WL 2078216, at *2 (W.D. Tex. June 9, 2022) (citing *United States v. 89.9270303 Bitcoins*, No. SA-18-CV-0998-JKP, 2021 WL 5203337, at *1 (W.D. Tex. Nov. 8, 2021)). "In many circumstances, the absence of such showing would exhibit no injustice to denying reconsideration. But in all cases, the critical consideration for reconsidering an interlocutory order under Rule 54(b) is whether justice requires relief from such order." *89.9270303 Bitcoins*, 2021 WL 5203337, at *1.

---

[2] This Court can and should deny Motion Offense's untimely motion solely on the basis that it violates the stay that Motion Offense, itself, requested and obtained.

The Court also has made clear that "[t]he more flexible approach under Rule 54(b) to reviewing motions for reconsideration should not lead to such motions automatically being granted. Otherwise, motions for reconsideration become constant reassessments of the Court's work." *WSOU*, 2022 WL 2078216, at *2. "[A] district court's broad discretion under rule 54(b) must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Id*. (quotations and citations omitted) (alteration in original).

## III.   ARGUMENT

Motion Offense has not demonstrated that reconsideration is warranted.[3] Nothing in the *Planned Parenthood* decision casts any doubt on, or is even relevant to, this Court's reasons for ordering transfer. In its transfer order, this Court explained that it believed that Fifth Circuit venue law differed from Federal Circuit precedent in several respects that would favor the party objecting to transfer — yet the Court concluded, correctly, that it was nonetheless bound to apply Federal Circuit precedent. Google respectfully disagrees that the Federal Circuit's venue decisions depart from Fifth Circuit law. But for purposes of Motion Offense's motion for reconsideration, the critical points are that this Court has already held that it is bound by the Federal Circuit's venue decisions, and that the Court's transfer order follows, and is based on, those decisions. The Fifth Circuit's issuance of a new decision on venue, whatever its substance, therefore does not cast doubt on this Court's conclusion that transfer was warranted under the Federal Circuit line of cases, or suggest in any way that the Court committed a clear legal error in concluding that the Federal Circuit cases control.

---

[3]  Motion Offense does not even suggest that there is any previously unavailable evidence or facts that might support reconsideration of the Court's transfer ruling.

A.        There is no "intervening change of law"

Motion Offense does not even (and cannot) contend that there has been an "intervening change of law" that could justify reconsideration. In view of this Court's holding that Federal Circuit cases control, the *Planned Parenthood* decision is not an intervening change in governing law. But in all events, Motion Offense does not even argue that *Planned Parenthood* altered Fifth Circuit law. Instead, Motion Offense claims that *Planned Parenthood* "confirms" what Motion Offense previously argued in its transfer briefing. *See* Mot. at 1, 5, 6, 8, 9. This Court has therefore already considered the very points for which Motion Offense relies on *Planned Parenthood*.

Specifically, Motion Offense claims that "*Planned Parenthood* underscores the significant burden movants must satisfy to merit transfer. . . . Showing the transferee court is more convenient is not enough." Mot. at 5. But, this Court already considered that "[t]he burden that a movant must carry is not merely that the alternative venue is more convenient, but that it is clearly more convenient." Order at 6. As Motion Offense itself admits, *Planned Parenthood* merely "underscores" a principle that this Court already acknowledged. Mot. at 5.

Contrary to Motion Offense's arguments, moreover, *Planned Parenthood*'s application of the transfer factors[4] is entirely consistent with the understanding of Fifth Circuit law that this Court explained in its transfer order. In particular, in regard to the ease of access to sources of proof factor, Motion Offense argues that, "*Planned Parenthood* effectively rejects Federal Circuit law giving weight to equally accessible electronic records . . . ." Mot. at 7. This argument misreads *Planned Parenthood*, which actually states that "[the district court] found that the vast majority of the evidence was electronic, and therefore equally accessible in either forum. The location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence

---

[4] Motion Offense now argues that *Gilbert* factors apply. Mot. at 5-6. Google understands "*Gilbert*" factors to be co-extensive with the *Volkswagen* factors. *See* Ex. 1 at 4.

is physical in nature." Ex. 1 at 5. Thus, the Fifth Circuit in *Planned Parenthood* merely found the district court did not abuse its discretion in finding electronic evidence equally accessible in either forum. *Id*. The Fifth Circuit said nothing about the Federal Circuit's observation that in patent cases—a category of cases in which the Fifth Circuit never has occasion to apply the venue factors—the bulk of evidence typically comes from the accused infringer. *See* Order at 13; *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Nor did the Fifth Circuit overrule *Volkswagen*, which states that while "access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008). In all events, this Court already considered Motion Offense's argument that electronic evidence is equally accessible in both forums and that physical evidence bears more strongly on the transfer analysis. *See, e.g.*, Dkt. 59 at 8 (Motion Offense's opposition to the motion to transfer) (citing multiple cases including *Volkswagen* as assertedly supporting its claim that "[t]he Court considers only documents and physical evidence."). Yet, this Court still found that this factor favored transfer. Order at 13.

Motion Offense next asserts that *Planned Parenthood* "effectively rejects Federal Circuit law. . . disregarding evidence outside both forums." Mot. at 7. That is not what the Fifth Circuit said in *Planned Parenthood*. In that case, the petitioner sought transfer to Austin (WDTX) from Amarillo (NDTX). Ex. 1 at 2-3. It argued that evidence was located across NDTX and not specifically in the Amarillo *division*. The court noted that this was just one consideration in the transfer analysis. This conclusion does not contradict the Federal Circuit's holding that the presence of evidence outside both *districts* does not weigh against transfer. Order at 13. Specifically, in *In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *7 (Fed. Cir. Oct. 6, 2021),

the Federal Circuit found that evidence located in Massachusetts (outside of both the NDCA and WDTX) did not weigh against transfer.

In regard to the availability of compulsory process factor, Motion Offense points to the Fifth Circuit's statement in *Planned Parenthood* that "[t]he availability of compulsory process receives less weight when it has not been alleged or shown that any witness would be unwilling to testify." Ex. 1 at 5. But, once again, this Court already characterized the Fifth Circuit as holding that the compulsory process factor receives less weight when witnesses have not been shown to be unwilling. Order at 9-10 (specifically referring to *Indusoft, Inc. v. Taccolini*, 560 F. App'x 245, 249 (5th Cir. 2014) ("[w]hen no witness' unwillingness has been alleged or shown, a district court should not attach much weight to the compulsory process factor.")). *Planned Parenthood* presents no intervening change of law on this factor.

Motion Offense finally argues that *Planned Parenthood* "confirms what this Court has long held: its determination that the case will get to trial faster in the Western District is entitled to deference and weight." Mot. at 8. In fact, the Fifth Circuit stated only that the existence of docket congestion, though admittedly characterized as "speculative," was best assessed as a factual matter by the district court. *Planned Parenthood* thus does not alter the Fifth Circuit's understanding of this factor, or conflict with Federal Circuit precedent. And in any event, this Court undertook the factual assessment described in *Planned Parenthood* and concluded that NDCA was more congested. Thus, this Court already weighed this factor *against* transfer, and concluded that transfer was nonetheless warranted. Order at 24. Nothing in *Planned Parenthood* undermines that conclusion.

Thus, Motion Offense does not present any "intervening change in law." It simply attempts to re-argue its positions from the transfer briefing.

B.      There is no "clear legal error"

Motion Offense states that "[t]he Court's decision that it must follow unpublished Federal Circuit opinions and grant transfer was an abdication of [] discretion and legal error." Mot. at 6. Although Motion Offense cites *Planned Parenthood* and *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000), neither case holds or suggests that the Court can ignore relevant Federal Circuit decisions when the Court believes there is potentially conflicting regional law.[5]

Ultimately, the parties, the Court, and the Federal Circuit agree that motions to transfer patent cases are governed by regional circuit law. Mot. at 2-4; *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984) ("[w]e, therefore, rule, as a matter of policy, that the Federal Circuit shall review procedural matters, that are not unique to patent issues, under the law of the particular regional circuit court."). Motion Offense claims "district courts are bound by Fifth Circuit law on § 1404 in patent cases" such that "[c]onflicting Federal Circuit opinions do not govern when the Fifth Circuit has already spoken. . . . No subsequent panel opinions, even if published, change that." Mot. at 4. To support this position, Motion Offense string cites a number of cases. *Id*. But Motion Offense fails to point to *anything* in those cases to support its extraordinary claim that this Court can and must ignore Federal Circuit cases when it disagrees with how the Federal Circuit interprets and applies regional law.[6] *Id*. Ultimately, this Court already considered and rejected Motion Offense's present argument in the order granting transfer, stating:

---

[5] Motion Offense also cites "Fed. Cir. R. App. P. 32.1(d)" for the statement "Federal Circuit opinions, published or not, are not binding." Mot. at 6. Google understands Motion Offense to be citing Federal Circuit Rule 32.1(d), which does not say that district courts may ignore Federal Circuit cases interpreting regional law, published or not.

[6] Much of Motion Offense's argument is misdirection. For example, Motion Offense claims that the Federal Circuit in *Atari, Inc. v. JS & A Grp., Inc.*, 747 F.2d 1422, 1439 (Fed. Cir. 1984) held that "the district court 'was required to follow' regional law." Mot. at 3. But *Atari* did not say that the district court should ignore Federal Circuit cases interpreting regional law. Motion Offense conveniently omits the fact that the Federal Circuit in *Atari* dealt with the narrow issue of whether it had jurisdiction to hear the appeal of a case with patent and non-patent issues when there was a

> Motion Offense implores this Court to strictly apply only Fifth Circuit law. . . . However, this Court cannot and does not overrule the reasoning of the Federal Circuit in a patent case. . . . this Court must follow the Federal Circuit's line of cases on Fifth Circuit transfer law.

Order at 7.

Motion Offense next argues that "the Federal Circuit is bound to apply procedural law of [the] regional circuit that it has adopted. . . . Unless the Supreme Court or Federal Circuit, *en banc*, overrule that precedent, district courts are bound by Fifth Circuit law on § 1404 in patent cases." Mot. at 4 (citations omitted). It is true that the Federal Circuit has held that regional law governs transfer in patent cases, but it does not follow that this Court can and should ignore Federal Circuit decisions applying Fifth Circuit transfer law. This argument is contrary to the law and is not supported by Motion Offense's cited cases. Mot. at 4. Those cases do nothing more than reference the requirement that the Federal Circuit rule *en banc* to overturn its own precedent. The cases certainly do not suggest that district courts in patent cases can simply choose to disregard the Federal Circuit's interpretation and application of Fifth Circuit transfer law. To the contrary, the Federal Circuit has made clear that a district court must weigh the transfer factors within the bounds set by "binding precedent"—that is, Federal Circuit precedent. *See, e.g., In re Apple Inc*., 979 F.3d 1332, 1346 (Fed. Cir. 2020) (holding that district court disregarded various aspects of Federal Circuit precedent); *In re Apple Inc*., No. 2022-128, 2022 WL 1196768, at *5 (Fed. Cir.

---

separation order. *Atari* at 1428. It held that it did. It noted the potential conflict of different laws in different circuits but noted "[t]hat potential problem is obviated, however, when this court applies the same guidance previously made available by the circuit (here the Ninth) having authority over the district court . . . ." *Id*. at 1439. Thus, *Atari* merely confirms that the Federal Circuit should apply regional law on non-patent issues.

Apr. 22, 2022) (granting mandamus in part because district court failed to follow "relevant precedent" of the Federal Circuit in weighing the court congestion factor).[7]

Simply put, Motion Offense's present motion does not credibly demonstrate any "clear legal error" in the Court's transfer decision. If Motion Offense wishes to challenge the Federal Circuit's application of Fifth Circuit transfer law in patent cases generally, or contest this Court's specific application of such law when granting Google's transfer motion, it must do so in a timely appeal, not through an untimely and improper motion for reconsideration. *See Atari*, 747 F.2d at 1440 ("It will be the role and duty of the advocates to brief and argue in the appeal before the merits panel of this court, sitting as though it were a panel of the [regional] Circuit, just as they would if they were appearing in this case before that circuit.").

### C.      Justice requires denial of the request for reconsideration

Importantly, Motion Offense has provided no explicit or implied reason why "justice requires relief" from this order. To the contrary, in light of Motion Offense's extreme delay and gamesmanship, justice requires denial of Motion Offense's request. This motion is only a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also WSOU*, 2022 WL 2078216, at *2. It should therefore be denied.

---

[7] Even if *Planned Parenthood* had altered Fifth Circuit law in a manner favorable to Motion Offense — it does not, for the reasons stated above — this Court, as a district court, would still be bound to follow existing Federal Circuit decisions. The Federal Circuit alone has the prerogative to consider the import of any change in Fifth Circuit law on its own venue decisions. *Cf. Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."); *In re Micron Tech., Inc.*, 875 F.3d 1091, 1098 (Fed. Cir. 2017) ("Circuit-court precedent is binding on district courts notwithstanding the mere possibility that the Supreme Court might come to disapprove that precedent.").

**IV.      CONCLUSION**

"[A] district court's broad discretion under rule 54(b) must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *WSOU*, 2022 WL 2078216, at *2 (quotations and citations omitted) (alteration in original). Motion Offense's inexcusably belated reconsideration request not only violates the stay requested by Motion Offense itself, it presents no factor justifying reexamination of the Court's Order and thus demonstrates that this case should be transferred to the Northern District of California as Google urges. Motion Offense's arguments based on *Planned Parenthood* contradict long held precedent and have already been considered and rejected by this Court. Motion Offense's request for reconsideration should thus be denied.

DATED: November 8, 2022

Respectfully Submitted,

*/s/ Robert W. Unikel*

Robert W. Unikel *(Pro Hac Vice)*
robertunikel@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Drive, 45th Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Elizabeth Brann (*Pro Hac Vice)*
elizabethbrann@paulhastings.com
Cole Malmberg (*Pro Hac Vice*)
colemalmberg@paulhastings.com
Ariell N. Bratton (*Pro Hac Vice*)
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert R. Laurenzi (*Pro Hac Vice*)
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 591-3939

*Attorneys for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of November, 2022, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system.

*/s/ Robert W. Unikel*
Robert W. Unikel (Pro Hac Vice)
