**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **MOTION OFFENSE, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil No. 6:21-cv-00514-ADA** |
| | § | |
| **GOOGLE LLC,** | § | |
| *Defendant.* | § | |

**ORDER DENYING MOTION OFFENSE'S MOTION TO RECONSIDER THE
AMENDED ORDER DENYING MOTION TO TRANSFER VENUE**

Came on for consideration this date is Plaintiff Motion Offense, LLC's ("Motion Offense")
Motion to Reconsider the Amended Memorandum and Order Granting Motion to Transfer, filed
November 4, 2022. ECF No. 81. Defendant Google, LLC ("Google" or "Defendant") filed an
opposition on November 8, 2022, ECF No. 82, to which Motion Offense replied on November 14,
2022. ECF No. 83. On May 5, 2023, Motion Offense filed a Notice of Supplemental Authority
regarding the Federal Circuit's recent non-precedential decision in *In re Google LLC*, No. 2023-
112, 2023 WL 2359714, at *1 (Fed. Cir. Mar. 6, 2023). ECF No. 84. After careful consideration
of the Reconsideration Motion, the Parties' briefs, and the applicable law, the Court **DENIES**
Motion Offense's Motion for Reconsideration.

## I. FACTUAL BACKGROUND

Motion Offense filed its First Amended Complaint against Google and alleged
infringement of U.S. Patent Nos. 10,303,353 ("'353 patent"); 10,613,737 ("'737 patent");
10,803,140; 10,949,507; 10,904,178; and 11,044,215 ("'215 patent") (collectively, "Asserted
Patents") on July 23, 2021. ECF No. 7. The Asserted Patents generally describe claims and
methods which make data sharing more rapid and efficient. *Id.* ¶¶ 29, 40, 51, 62. For purposes of

contesting venue, the parties agree that the "Accused Products" at issue include Google Drive, Backup and Sync, Drive File Stream, Google Drive for Desktop, Google Docs, Google Sheets, Google Slides, Good Docs Editors, Google One, Google Workspace, Android, Chrome, Chrome OS, Dialogflow, Google Cloud, App Links, and Google Play.   ECF No. 64-2 at 1–2.

Motion Offense is a licensing company with an office in Longview, Texas.  ECF No. 56-1 ¶ 5. Motion Offense's only manager is Mr. Andrew Gordon, and he resides in Frisco, Texas. *Id.* ¶¶ 2-5. Both locations are in the Eastern District of Texas. *Id.* Motion Offense is not an OSO-IP subsidiary. ECF No. 56-2 ¶¶ 3-4; ECF No. 4. Mr. Kevin Zilka has knowledge about the prosecution of the Asserted Patents but is unaffiliated with Motion Offense. ECF No. 56-2 ¶¶ 3-4, 9.

At Google's headquarters in Mountain View, California, Google employs about 45% or 39,914 of its U.S. employees. ECF No. 35-1 ¶ 2. Google employs 10,918 people in other offices in the NDCA. *Id.* Google also has an office in Austin, Texas, where it employs about 2% or 1,800 of its U.S. employees. *Id.* Google's engineering teams worked on the Google Drive, Google Drive for Desktop, Dialogflow, Site Isolation, and App Links products in Washington State; Ontario, California; the United Kingdom; New York; Colorado; the NDCA; and elsewhere in California. *Id.* ¶¶ 5-6. One Google engineer, Mr. Marlow, works in Austin, Texas on the Google Cloud Professional Services Team, which uses Dialogflow. *Id.* ¶ 7. Google also has an unknown quantity of engineers in Austin who work on Android, Google Play, Google Cloud, and other accused products in the G Suite. ECF No. 57-1 at 2. Google also has an unknown quantity of finance and marketing staff in Austin. *Id.*

This case is one of three co-pending cases in this Court asserting three of the same patents: the '353, '737 and '215 patents. Motion Offense has two consolidated cases against Dropbox, Inc. ("Dropbox Cases") asserting those three overlapping patents before this Court in civil action 6:20-

cv-00251-ADA (Lead). The Court recently completed a five-day jury trial in those two consolidated case that began on May 15, 2023, that resulted in a jury verdict in that case on May 19, 2023.

On December 30, 2021, Google filed a motion to transfer venue under 28 U.S.C. § 1404(a) to the NDCA. ECF No. 34. Motion Offense filed a corrected opposition on May 16, 2022, ECF No. 59, to which Google replied on June 2, 2022. ECF No. 64. The Court entered an amended order granting the relief sought in Google's transfer motion on October 4, 2022. ECF No. 79. In its amended order granting Google's motion for transfer, the Court found that "[t]he Court's decision turns on whether it should apply traditional Fifth Circuit transfer law or apply the Federal Circuit's interpretations of Fifth Circuit transfer law." *Id.* at 1. This Court thus found that "[t]his Court cannot ignore or overrule cases from the Federal Circuit." *Id.* According, this Court concluded that "[o]nly because of those Federal Circuit cases, this Court GRANTS Defendant's Motion to Transfer." *Id.*

## II.   LEGAL STANDARD

### 1.  Reconsideration

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision . . . [that] does not end the action.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (alterations in original) (quoting Fed. R. Civ. P. 54(b)). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* at 336 (quotation marks omitted). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear . . . [s]uch a motion requires the Court to determine whether

reconsideration is necessary under the circumstances." *Dallas Cnty., Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 950 (N.D. Tex. 2014) (quotation marks omitted).

## 2.  Transfer Under 28 U.S.C. § 1404(a)

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The threshold question under Section 1404(a) is whether a civil action might have been brought in the transfer destination venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity

of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Volkswagen I*, 371 F.3d at 203.

The burden to prove that a case should be transferred for convenience falls on the moving party. *Volkswagen II*, 545 F.3d at 314. The burden that a movant must carry is not merely that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 315. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id*. at 314-315. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

## III.   ANALYSIS

In its Motion, Motion Offense primarily relies on the Fifth Circuit's precedential opinion in *In re Planned Parenthood Fed. of Am., Inc.*, 52 F.4th 625, 629 (5th Cir. 2022), that was issued after the Court issued its Amended Memorandum Opinion and Order Granting Google's Motion to Transfer Venue. *See* ECF No. 81 at 1. According to Motion Offense, "[t]his authority confirms Fifth Circuit law governs the transfer motion and that the Federal Circuit is misinterpreting and misapplying it." *Id.* Although the Court agrees with Motion Offense that *In re Planned Parenthood* confirms that Fifth Circuit law governs the transfer motion here, the Federal Circuit has since issued a precedential opinion relying on *In re Planned Parenthood*. *See In re Google LLC*, 58 F.4th 1379, 1382 (Fed. Cir. 2023). In it, the Federal Circuit granted Google's petition for writ of

mandamus directing this Court to transfer a different case involving Google to the Northern District of California. *See id.*

Under the Federal Circuit's interpretation of *In re Planned Parenthood*, this Court finds that *In re Planned Parenthood* does not weigh in favor of granting reconsideration of this Court's order granting transfer. *See id.* For example, in *In re Google*, "it was a clear abuse of discretion [for this Court] to accord [the court congestion] factor any weight" where "[i]t appears undisputed that [the patentee] is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution and give some significance to the time-to-trial difference." *See id.* at 1383. Like the patentee in *In re Google,* there is no evidence that Motion Offense is involved in product competition in the marketplace. Accordingly, although this Court "weigh[ed] this as a single factor against transfer" in its order transferring this case, under *In re Planned Parenthood* and *In re Google*, the Court would now have to find that this factor is neutral. *See* ECF No. 79 at 24. The Court notes, however, that the Federal Circuit in *In re Google* cites no binding Fifth Circuit precedent that compels its conclusion that a plaintiff or patentee be engaged in product competition in the marketplace.[1] Although the

---

[1] The only support for this position in *In re Google* that the Federal Circuit appears to rely on is *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021). *See In re* Google, 58 F.4th at 1383. But *In re Juniper Networks* cites no Fifth Circuit authority suggesting that a plaintiff or patentee be engaged in product competition in the marketplace. And *In re Morgan Stanley*, 417 F. App'x 947, 950 (Fed. Cir. 2011), which the Federal Circuit relies on in *In re Juniper Networks*, also does not rely on any Fifth Circuit law suggesting that a plaintiff or patentee must be engaged in product competition in the marketplace for a court to accord any weight to this factor. Indeed, in *In re Planned Parenthood*, the plaintiffs and intervenor sought monetary remedies and did not seek preliminary injunctive relief. *See United States v. Planned Parenthood Fed'n of Am., Inc.*, No. 2:21-CV-022-Z, 2022 WL 19006361, at *1 (N.D. Tex. Sept. 20, 2022). Under the Federal Circuit's logic of *In re Google*, this factor would have been neutral in *In re Planned Parenthood* because the primary remedy sought there is monetary damages. Yet the Fifth Circuit still considered the court congestion factor in *In re Planned Parenthood* and affirmed the district court's decision to weigh this factor against transfer. *See* 52 F.4th at 631.

6

Federal Circuit's determination that the patentee must be engaged product competition appears to be made out of whole cloth, *In re Google* is binding precedent on this Court and the Court will therefore follow it.

As for the other factors, Motion Offense urges the Court to reconsider its decision based on *In re Planned Parenthood* for the following factors: (1) ease of access to sources of proof and (2) availability of compulsory process. *First*, Motion Offense argues that "*In re Planned Parenthood* effectively rejects Federal Circuit law giving weight to equally accessible electronic records and disregarding evidence outside both forums." ECF No. 81 at 7. When most of the evidence is electronic and equally accessible in either forum, this factor weighs against transfer. *See In re Planned Parenthood*, 52 F.4th at 630 ("The district court first concluded that the private interest factors weigh against transfer. It found that the vast majority of the evidence was electronic, and therefore equally accessible in either forum."). Thus, under *In re Planned Parenthood*, this factor does not have as much bearing on whether this Court transfers this case as the other factors the Court considered in its order granting transfer do. *See id.* Even if the Court had found that most of the evidence in this case was electronic (which it did not expressly find), the Court would have found that under *In re Planned Parenthood*, this factor would not have had much weight compared to the other factors. Accordingly, the Court finds that this factor is insufficient to establish that the Court should grant reconsideration of its motion granting transfer even if Motion Offense were correct that *In re Planned Parenthood* overruled contrary Federal Circuit law on electronic evidence (such as *In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *7 (Fed. Cir. Oct. 6, 2021)).

*Second*, Motion Offense argues that *In re Planned Parenthood* "also resolves the long-standing dispute regarding how 'unwillingness' is considered under the second private interest

factor" because "it rejects the Federal Circuit's holding in *In re HP Inc.*, and its progeny, that unwillingness may be presumed despite any showing and favors transfer." ECF No. 81 at 8 (citing *In re HP Inc.*, No. 2018- 149, 2018 U.S. App. LEXIS 27963, at *8 n.1 (Fed. Cir. Sep. 25, 2018)). Specifically, Motion Offense relies on the Fifth Circuit's holding in *In re Planned Parenthood* that availability of compulsory process "receives less weight when it has not been alleged or shown that any witness would be unwilling to testify." 52 F.4th at 630–31. Motion Offense argues that this also contradicts this Court's holding that "this Court follows the Federal Circuit cases and must presume the third-party prior art witnesses in California are unwilling to testify, and for that reason, this Court must weigh this factor heavily in favor of transfer." ECF No. 81 at 8. But the Federal Circuit in *In re Google* affirmed this Court's reliance on *In re HP Inc.* that when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling. *See Jawbone Innovations, LLC v. Google LLC*, No. 6:21-CV-00985-ADA, 2022 WL 12078627, at *6 (W.D. Tex. Oct. 20, 2022) ("The Federal Circuit has held that, under Fifth Circuit law, 'when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor'"); *In re Google LLC*, 58 F.4th 1379, 1385 (Fed. Cir. 2023) ("The district court correctly recognized that the 'availability of compulsory process to secure the attendance of witnesses' favors transfer"). Although *In re Google* did not expressly cite *In re Planned Parenthood* for this factor, the Court finds that the Federal Circuit's reliance on *In re Planned Parenthood* elsewhere in its decision implies that the Federal Circuit is maintaining its steadfast opinion that repeatedly presumes third-party unwillingness and weighs this factor heavily in favor of transfer. Accordingly, because the Court recognized this discrepancy between Federal

Circuit and Fifth Circuit law in its order granting transfer, the Court declines Motion Offense's invitation to reconsider here in light of *In re Planned Parenthood*.[2]

### IV.   CONCLUSION

When following the Federal Circuit's cases, including the Federal Circuit's recent precedential decision in *In re Google*, this Court finds that Motion Offense has not shown that the Court's order granting transfer should be reconsidered. Accordingly, Motion Offense's Motion for Reconsideration (ECF No. 81) is hereby **DENIED**.

**IT IS HEREBY ORDERED THAT**:

1) Google's Motion to Transfer to the Northern District of California is **GRANTED**. ECF No. 34.

2) Before the Court transfers this case, the parties shall meet and confer to file a joint case management statement indicating if any case management issues need resolution before transfer. If no issues remain, then the parties shall contact the Court's law clerk to effect transfer of this case. If any case management issues remain, then the parties shall contact the Court's law clerk to arrange a hearing to resolve any lingering case management issues before the Court transfers this case.

**SIGNED** this 23rd day of May, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[2] As the Court noted above, Motion Offense filed a Notice of Supplemental Authority regarding the Federal Circuit's recent non-precedential decision in *In re Google LLC*, No. 2023-112, 2023 WL 2359714, at *1 (Fed. Cir. Mar. 6, 2023). ECF No. 84. Although the Court finds that this decision is persuasive non-precedential authority, the Federal Circuit's earlier precedential decision in *In re Google*, 58 F.4th 1379, 1382 (Fed. Cir. 2023), is binding on this Court and favors denying reconsideration here.